**316**

FIRST NATIONAL BANK OF LOUIS-
VILLE, Louisville, Kentucky, Louisville
Flying Service, Inc., National Insurance
Underwriters, Dean Walters Ford, Inc.,
Pikeville National Bank and Trust Com-
pany, Kentucky Flying Service, Inc.,
Kentucky Aircraft Finance Corporation,
and Shell Oil Company, Appellants,

v.

FIRST NATIONAL BANK, PRESTONS-
BURG, Kentucky, Appellee.

Court of Appeals of Kentucky.

June 9, 1978.

Paul C. Combs, Combs & Combs, Pres-
tonsburg, for appellant, First Nat. Bank of
Louisville.

Joe Hobson, Prestonsburg, for appellant,
Louisville Flying Service, Inc.

Marshall Davidson, Prestonsburg, for ap-
pellants, Nat. Ins. Underwriters, Dean Wal-
ters Ford, Inc., and Shell Oil Co.

William J. Baird, Baird & Baird, Pike-
ville, for appellant, Pikeville Nat. Bank &
Trust Co.

James P. Sohan, Louisville, for appel-
lants, Kentucky Flying Service, Inc., and
Kentucky Aircraft Finance Corp.

Clifford B. Latta, Prestonsburg, for ap-
pellee.

Before MARTIN, C. J., and HAYES and
WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This appeal arises from a judgment in
favor of the appellee, allowing it to share in
probate assets for the purpose of collection
of a claim. The record indicates that Dr.
Beard died in December 1971, indebted to
many creditors. As a creditor, appellee
bank filed suit on a secured debt against
the estate on November 15, 1972. There-

after, on December 11, 1972, appellant, First National Bank of Louisville, filed suit to settle the estate, pursuant to KRS 395.-510, making all heirs and known creditors parties-defendant, including the appellee bank. Creditors were served with process and responded to the complaint and to the commissioner's notice to prove claims, with the exception of the appellee bank, which did not file any pleadings, answer or claim. After a proper commissioner's hearing for proof of claims, judgment was entered on September 23, 1975, to settle the estate. Appellee had failed to seek an amendment to the judgment and had not appealed. The trial court, on December 21, 1976, approved the administrator's plan of distribution. On January 7, 1977, appellee objected to the distribution and claimed it had a right to share in the estate. The circuit court withheld all payments on the grounds of the appellee's objection and assigned the case for hearing on the merits of the objection. On May 27, 1977, the trial court entered an order permitting the appellee to share in the distribution of the estate. This appeal followed.

In the circuit court it was agreed by all interested parties that the sole issue was whether the complaint and discovery depositions taken in the appellee's suit against the Beard estate met the requirements of KRS Chapters 395 and 396, so as to entitle it to share in the estate distribution.

Appellants raise questions of law as follows:

1) Does the complaint and depositions filed in an action other than the action to settle the estate meet the requirements of KRS Chapters 395 and 396?

2) Is it mandatory that the creditors appear and prove their respective claims before a court commissioner?

3) Was the trial court in error when it rendered a final order and judgment upon documents not a part of the case immediately before it and not a part of the record?

Appellants also objected to the trial court's granting permission to the appellee's filing of the complaint, deposition and let-

ters of another lawsuit as part of the record on the appeal of this case.

This Court reverses the judgment of the trial court and remands the case so that a judgment may be entered directing the administrator to pay claimants according to the commissioner's report and to otherwise settle the estate. The appellee is not entitled to share in any of the funds now in the hands of the administrator because it failed to perfect its claim according to the statutes.

■ The complaint and deposition filed in the action by the Prestonsburg bank against the Beard estate did not meet the requirements of KRS 396.010 and KRS 395.-520, so as to entitle it to share in the estate. The law clearly provides for a verified claim, the appearance before the court commissioner and proof of claims before him, and for any objections to be made by way of exceptions to the commissioner's report. None of these requirements were met by the appellee. The appellee, by filing a verified complaint in a separate action against the estate, sought only to collect upon a cause of action founded on a secured debt. That suit was not filed as an action to settle the estate.

KRS 395.520 provides a method for all creditors of an estate to prove their claims. Here all of the creditors, except the appellee, appeared before the commissioner and proved their respective claims. The commissioner then made his report to the court, which was approved, and judgment was entered thereon in September 1975. There is nothing in the record to indicate that the appellee complied with these requirements in any way.

■ There is no reason to provide equitable relief for the appellee in this instance since it has not promptly exercised any of the various opportunities available to it for the proper presentation of the claim. Appellee did not respond to the lawsuit to settle the estate in any way, did not respond to the commissioner's notice and did not take exception to the commissioner's report. The trial court's judgment, from

which appellants appeal, was based on a complaint and discovery deposition filed in another lawsuit, which documents are not a proper part of this record. The trial court erred in permitting the appellee to file the complaint in the other lawsuit as a part of the record on appeal of this case. Civil Rule 75.08 provides that a record can be corrected only by the adding of materials or the correction of language which arose at the trial, but were omitted from the record by a mistake or oversight. This rule does not permit the correction of mistakes on the part of litigants in presenting their case before the trial court.

Appellee cites the case of *Quin v. Quin,* Ky., 259 S.W.2d 23 (1953) to support its position that depositions could be introduced in this situation. Clearly, the *Quin, supra,* case and this situation is distinguishable, since the deposition referred to in *Quin* was actually the transcript of evidence taken at the creditor's hearing before the commissioner in the very same case. Here, appellee seeks to rely on a deposition taken in a separate and distinct lawsuit. The allegations of substantial compliance by the appellee are without merit, since there is no evidence of any legitimate compliance which amounts to being substantial. The appellee availed itself of none of the remedies.

The judgment of the trial court is reversed and this case remanded with instructions to enter a judgment directing the administrator to pay the claimants according to his report to settle the Beard estate. The appellee is not entitled to share in any of the funds now in the hands of the administrator because of its failure to perfect its claim according to the statutes relating to decedent's estate.

All concur.